904

## In re HILL.

### Patent Appeal No. 4428.

Court of Customs and Patent Appeals.

April 14, 1941.

Harold W. Mattingly, of Los Angeles, Cal. (Raymond Jones, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 9 and 11 in appellant's application for a patent for an alleged invention relating to an apparatus for "cutting and treating fruits, vegetables and the like for the production of base products therefrom, such as beverage bases and fruit juice products capable of being used in the manufacture of beverages, ices, confections and other food products."

One claim, claim 12, was allowed by the Primary Examiner.

It is stated in appellant's brief that "by reason of a typographical error, certain of the assignments of error recite Claim 10, but Claim 10 having been canceled, this appeal is directed solely to a consideration of the rejection of Claims 9 and 11."

The appealed claims read:

"9. In a machine for treating fruit and the like, a movable shredder having cutters thereon adapted to cut thin slices from a piece of fruit resting against the surface of said shredder, a cover for said shredder disposed above said shredder and having a conduit extending therethrough, through which fruit may pass toward the surface of said shredder, a receptacle disposed immediately below said shredder for receiving the particles of said fruit and fluids liberated therefrom by said shredder, said receptacle including a perforated portion acting as a screen and an imperforate portion engaging and fitting said cover, a tank disposed about said receptacle and adapted to hold a liquid medium to a level above the perforate portion of said receptacle whereby particles of fruit and fluids from said fruit will be deposited into said liquid medium without undue exposure to air."

"11. In a machine for treating fruit and the like, a shredding disc having cutters thereon for cutting thin slices from fruit resting against the surface of said shredder, a shaft mounting said disc for rotation about a vertical axis, a tank disposed below said disc for holding a supply of liquid medium into which the cut fruit and fluids therefrom may be received, an extension on said shaft extending into said tank and impellers on said extension for agitating the liquid in said tank as said disc is rotated."

The references relied upon are:

Clinton et al., 183,132, Oct. 10, 1876.
Seydel (Swiss), 62,538, Nov. 11, 1912.
Franke, 1,158,198, Oct. 26, 1915.

Appellant's apparatus comprises a hopper, a motor having a vertically depending shaft which carries a shredding disc on its upper portion (adapted to cut fruit into thin slices) and agitator blades on its lower portion, a cover for the shredding disc having a conduit through which fruit may pass to the shredding disc, a cylindrical receptacle disposed immediately below the shredder having an imperforate top portion engaging and fitting the cover and a perforated bottom portion which acts as a screen or strainer, and a tank disposed about the cylindical receptacle which is adapted to hold a liquid medium "to a

level above the perforate portion of said receptacle whereby particles of fruit and fluids from said fruit will be deposited into said liquid medium [from the shredding disc] without undue exposure to air."

Appellant's "liquid medium" is composed of sugar and water or other substances, and is referred to in his application as an "extraction liquid."

It appears from appellant's application that as the shaft bearing the shredder disc and the agitator blades is rotated, the agitator blades circulate the "extraction liquid" through the perforated portion of the cylindrical receptacle, and, as a result thereof, "a form of extraction takes place" in the cylindrical receptacle, and the "extractable constituents [the oils and juices of the fruit] being distributed and dissolved" pass into the tank, while the fibrous materials remain in the cylindrical receptacle.

The patent to Clinton et al. relates to a machine for grating and slicing vegetables, and discloses a shredding disc similar to that disclosed in appellant's application.

The patent to Seydel relates to a process and apparatus for grating foodstuffs, such as raw potatoes, and discloses an apparatus comprising a shredding disc, a cover plate disposed above the shredding disc and having an opening through which the raw potatoes pass to the shredder, and a perforated receptacle comprising a strainer, referred to in the patent as a "small bag or sack," enclosed within a tank filled with water. The perforated receptacle or strainer is connected to an imperforate ring, and is positioned beneath the shredding disc to receive the grated material. The patentee's apparatus is so designed that the material is immersed in water both before and during the grating process. The patentee states:

"The essence of the present invention consists in the grating of the material to be grated within water for the purpose of keeping off the air during the grating process from the material to be grated and hence, especially in the case of potatoes, excluding harmful effects. This result is accomplished in the present invention by placing the material to be grated on a rotating grating disc under water and there pressing it against worms. The grating discs break up the material to be grated, after the manner of the known hand graters, in the water into a flaky structure which is allowed to drop into a filter-like woven material and there by expressing the potato flour is separated therefrom." (Italics ours.)

The patent to Franke relates to a vegetable mashing machine, and discloses, among other things, as stated by the Primary Examiner, a "rotatable vertical shaft, having disintegrating means on the upper portion thereof and agitating means on the lower portion thereof, extending into a tank having a supply of liquid medium therein." (Italics ours.)

Claim 9 was rejected by the tribunals of the Patent Office on the patent to Seydel and also on that patent in view of the patent to Clinton et al., and claim 11 was rejected on the patent to Franke in view of the patent to Clinton et al.

It is argued by counsel for appellant that the essence of the invention defined in appealed claim 9 is that the fruit is comminuted "in the air" and immediately thereafter immersed in the "extraction liquid," and that thus appellant has accomplished "substantially the same result as though the cutting operation had been performed with the extraction liquid completely immersing the shredding disc and fruit [as in the Seydel disclosure] but avoiding the mechanical difficulties which would be encountered if the shredding disc were required to operate while immersed in the liquid. This is accomplished by providing the 'receptacle' (the extraction tank 2) with a lower perforate portion [which corresponds to the perforate 'small bag or sack' disclosed in the patent to Seydel] acting as a screen and an upper imperforate portion [which the tribunals of the Patent Office held corresponds to the imperforate ring disclosed in the patent to Seydel] disposed immediately adjacent to and below the shredder to provide a smooth imperforate surface which will direct the shredded particles immediately into the liquid while the liquid level need only come up to some point above the perforate screen portion but below the shredding disc." (Italics ours.) Counsel point out that the essence of the Seydel invention consists in grating potatoes or other materials under water for the purpose of preventing the vegetables being exposed to the air during the grating process, and argue that "an imaginary structure must be made from the Seydel patent in which the [imperforate] ring * * * and its extension wall * * * (which in Seydel is

merely a support for the cutter) must be inverted, moved down below the cutting disc and made a part of the bag * * * so that in this new assembly the [imperforate] ring * * * and wall * * *, which formerly performed no function whatever, now perform the appellant's newly disclosed function of *directing the material into the liquid.*"

It may be that the essence of appellant's invention is to comminute the fruit "in the air" and immediately thereafter immerse the comminuted particles in the extraction liquid. However, claim 9 is not limited to a device in which the fruit is comminuted in the air. It is true that the walls of the imperforate ring in the Seydel apparatus may not be as extended as the imperforate portion of the receptacle in appellant's apparatus; nevertheless, claim 9 contains no limitation as to the length of the imperforate portion of the receptacle, and it seems to us that if one desired to lengthen the walls of Seydel's imperforate ring so that they might perform the function of directing the comminuted material into the liquid, it certainly could be done without the exercise of the inventive faculties.

With regard to the rejection of claim 11 by the Patent Office tribunals on the patent to Franke in view of the patent to Clinton et al., it is contended here by counsel for appellant that the patent to Franke does not disclose a tank for holding a supply of liquid medium into which cut or shredded material may be received, and that, although one of the auxiliary cutter arms in figure 1 of the Franke patent "was apparently accidentally shaded in such manner as to create the impression of an 'impeller'" (similar to the agitating means disclosed in appellant's application), the function of such impeller is not described in the patentee's application, "nor does such function even appear desirable in a potato masher."

It is true, as argued by counsel for appellant that the patentee Franke does not refer in his specification to the impeller or agitating means disclosed in figure 1 of his drawings. However, such "agitating means" is clearly shown in that figure on the lower end of the rotatable vertical shaft which, as hereinbefore indicated, also carries a "rotary comminuting and mashing device" on its upper portion. Furthermore, the patent to Franke clearly discloses a tank or vessel suitable for holding a supply of liquid medium into which shredded material might be received. It will be observed that appealed claim 11 calls broadly for a tank disposed below the shredding disc for holding a supply of liquid medium and an "extension on" the "shaft extending into said tank and impellers on said extension for agitating the liquid in said tank as said disc is rotated."

Appealed claim 11 is for a structure, and the structure defined therein, with the exception of the shredding disc which is disclosed in the patent to Clinton et al., is clearly disclosed in the patent to Franke, although it may be that the function of the Franke apparatus differs from the function for which appellant's apparatus was designed.

We have given careful consideration to all of the arguments presented here by counsel for appellant, but are unable to hold, in view of the references of record, that the tribunals of the Patent Office erred in rejecting the appealed claims.

The decision of the Board of Appeals is affirmed.

Affirmed.